UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON CLINARD, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | NO. 3:13-cv-01190 |
| ) | JUDGE CRENSHAW |
| RANDY LEE, Warden ) | |
| ) | |
| RESPONDENT. ) | |

# **M E M O R A N D U M**

Petitioner brings this action pursuant to 28 U.S.C. § 2254 against Randy Lee, Warden of the Northeast Correctional Complex, seeking a writ of habeas corpus.

## I. Background

On May 5, 2006, a jury in Stewart County found the Petitioner guilty of first degree premeditated murder. (Doc. No. 41-2 at pg. 171.) For this crime, he received a sentence of life imprisonment with the possibility of parole. (Id. at pg. 174).

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. (Doc. No. 41-14.) The Petitioner made no further effort to seek direct review of his conviction. (Doc. No. 33-7 at pg. 6.)

In January, 2009, he filed a *pro se* petition for state post-conviction relief in the Circuit Court of Stewart County. (Doc. No. 33-8.) Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the Petitioner post-conviction relief. (Doc. No. 33-4.)

1

During the pendency of a post-conviction appeal, the Petitioner filed a petition for state habeas corpus relief. (Doc. No. 41-35 at pgs. 3-5.) Shortly thereafter, the state habeas petition was summarily denied. (Id. at pg. 96.)

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of state habeas relief. (Doc. No. 41-38.) Nearly three months later, that court upheld the denial of state post-conviction relief. (Doc. No. 41-32.) The Tennessee Supreme Court refused further review of both the state habeas action (Doc. No. 41-41) and the state post-conviction proceedings. (Doc. No. 41-34.)

## II. Procedural History

On October 28, 2013, the Petitioner initiated this action with the *pro se* filing of a Petition (Doc. No. 1) for writ of habeas corpus. By an order entered December 10, 2015, counsel was appointed to represent the Petitioner. (Doc. No. 16.) Counsel filed an Amended Petition. (Doc. No. 30.) The Amended Petition consists of four claims for relief. These claims include:

1) trial counsel was ineffective when he
   a) waived the transfer hearing rather than allow the Juvenile Court judge to decide whether the Petitioner should be tried as an adult;
   b) failed to call certain medical experts (Drs. Craddock and Faroque) to testify at the transfer hearing;[1]

2) post-conviction counsel was ineffective because he failed to call certain medical experts to testify at a post-conviction evidentiary hearing;[2] and

---

[1] Jack Lockert, the Public Defender for Stewart County, was originally appointed to represent the Petitioner. He was later replaced by Worth Lovett, a member of the Montgomery County Bar, who was retained by Petitioner's family. These ineffective assistance claims relate to Lovett's representation of the Petitioner.

[2] During post-conviction proceedings, the Petitioner was represented by Clifford McGown, a member of the Humphreys County Bar.

2

> 3) the sentence of life imprisonment with the possibility of parole is cruel and unusual because the Petitioner was a minor at the time of sentencing.

The Respondent was directed to file an answer, plead or otherwise respond to the Amended Petition. (Doc. No. 16.) Presently before the Court are Respondent's Answer (Doc. No. 39) and the Petitioner's Response (Doc. No. 44) to the Answer.

Having carefully considered the Amended Petition, Respondent's Answer, Petitioner's Response to the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the Amended Petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis

As a preliminary matter, the Court notes that in his Response to the Answer (Doc. No. 44 at pgs. 1-2), the Petitioner argues only the merits of the ineffective assistance claims arising from the waiver of his juvenile transfer hearing while conceding that, "at least under current precedent, procedural hurdles foreclose other claims." He acknowledges that his cruel and unusual punishment claim (Claim No. 3) is time-barred. He further concedes that the ineffectiveness of post-conviction counsel (Claim No. 2) is not cognizable as a free-standing claim. Coleman v. Thompson, 501 U.S. 722, 752 (1991). As a consequence, the only issue remaining before the Court is whether counsel was ineffective for waiving Petitioner's juvenile transfer hearing (Claim Nos. 1a-b).[3]

---

[3] The issue of whether counsel was ineffective for failing to call additional medical experts at the juvenile transfer hearing (Claim No. 1b) is completely dependent upon whether waiver of that hearing was appropriate in this instance.

A district court should not entertain a petition for writ of habeas corpus unless the Petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). The question of counsel's waiver was fully considered and addressed by the state courts during post-conviction proceedings. (Doc. No. 41-32.) Therefore, this claim has been properly exhausted prior to initiation of this action.

The availability of federal habeas corpus relief is limited with regard to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86, 92 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). To grant the writ for an "unreasonable application" of federal law, the Petitioner must show that the state court identified the correct governing legal principle but unreasonably applied that principle to the facts of the case. Williams, 529 U.S. at 413. In short, the Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

The Petitioner argues that trial counsel was ineffective when he waived the juvenile transfer hearing rather than allow the Juvenile Court judge to decide whether the Petitioner should be tried as an adult.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the Petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. Id. at 688. Prejudice arises when there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 694.

Where the issue is one of ineffective assistance of counsel, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential," Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

A brief recitation of the facts is necessary to place Petitioner's claim in context. In an interview with a T.B.I. agent shortly after surrendering to the police, the Petitioner explained that he awoke that day and prepared himself for school. Before leaving the house, he took a handgun and some ammunition belonging to his father. (Doc. No. 41-10 at pg. 42.) The Petitioner loaded the gun. (Id. at pg. 49.) As the school bus approached his home, the Petitioner decided to shoot the

5

school bus driver. (Id. at pg. 46.) When asked why, the Petitioner simply said because "I hate her." (Id. at pg. 45.)

As the driver opened the door to the bus, the Petitioner let his nephews board first. He then raised the weapon and opened fire on the school bus driver, hitting her three times. (Id. at pg. 43.) The school bus driver died from her wounds. The Petitioner admitted that he was aware beforehand that this was against the law and that he would probably be sent to prison. (Id. at pg. 48.)

At the time of the shooting, the Petitioner was fourteen (14) years old. The prosecution filed a Petition (Doc. No. 41-1 at pgs. 98-99) seeking to transfer jurisdiction over the Petitioner from Juvenile Court so that he could be tried as an adult. The Petition was set for a hearing and a guardian *ad litem* was appointed for the Petitioner.[4]

At the hearing, counsel for the Petitioner called Dr. William Bernet, a forensic psychiatrist, who testified that he had interviewed the Petitioner and found that he was suffering from major depression and two psychological disorders, all of which could be treated at a juvenile facility. (Doc. No. 33-1 at pgs. 106-107.) Counsel also introduced a favorable evaluation of Petitioner's condition made by Dr. M. Duncan Currey. (Doc. No. 32.)

In rebuttal, the prosecutor called Dr. Kim Stalford, a psychiatrist, who determined that Petitioner would not be a proper subject for rehabilitation in a juvenile facility. (Doc. No. 33-2 at pg. 8.) Stalford's testimony was impeached, however, because she had never interviewed the Petitioner and that her conclusions were based solely upon a review of his mental health records. (Doc. No. 33-1 at pgs. 120-121.)

---

[4] The Juvenile Court appointed Rosella Shackleford, a member of the Montgomery County Bar, to act as Petitioner's guardian *ad litem*.

Sometime during the hearing, a discussion was held in chambers. Counsel recommended to Petitioner that the transfer hearing stop and that he agree to being tried as an adult. (Doc. No. 33-3 at pgs. 55-56.) The Petitioner, in the company of his guardian *ad litem*, agreed to waive the hearing and accept transfer of jurisdiction to the Circuit Court. Counsel told the Juvenile Court judge that "..... the defense was concerned that the record was developing against their client." (Id. at pg. 56.) It is counsel's recommendation to waive the transfer hearing that is the basis for Petitioner's ineffective assistance claim.

A juvenile is entitled to the effective assistance of counsel at a hearing to certify him for treatment as an adult because that certification is so consequential. Kent v. United States, 383 U.S. 541, 544 (1966).

Following the post-conviction evidentiary hearing, the trial court found that counsel's failure "to at least attempt to prevent the transfer using mental health testimony" constituted deficient performance. (Doc. No. 33-4 at pg. 26.) It concluded, however, that there was no prejudice arising from counsel's deficiency because there was no reasonable probability of preventing Petitioner's transfer.[5] (Id. at pgs. 28-29, 32.) The state appellate court affirmed this conclusion. (Doc. No. 41-32 at pg. 10.)

This Court can discern no legitimate reason for counsel to simply recommend waiving the transfer hearing when there was potential evidence available from which to make an argument against transfer. Thus, the state courts did not err in finding that counsel had been deficient in this

---

[5] Strangely enough, neither the Petitioner nor his attorney testified at the post-conviction evidentiary hearing.

regard. Deficient performance, standing alone, however, is not enough to establish ineffective assistance. The Petitioner must also show prejudice. Strickland, *supra.*

Prejudice is shown when there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. (Id. at 466 U.S. 694.) Within the context of this case, prejudice requires showing a reasonable probability that the Petitioner would not have been transferred.

Under Tennessee law, the disposition of the child *shall be* as if the child were an adult if the court finds that there are reasonable grounds to believe that: (a) the child committed the delinquent act as alleged; (b) the child is not committable to an institution for the mentally retarded or mentally ill; and (c) the interests of the community require that the child be put under legal restraint or discipline. Tenn. Code Ann. § 37-1-134(a)(4). In making such a determination, the court shall consider, among other matters : (1) the child's prior delinquency record; (2) the nature of any past treatment efforts and the child's response to those efforts; (3) whether the offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (4) whether the offense was committed in an aggressive and premeditated manner; (5) the possible rehabilitation of the child by use of procedures, services and facilities currently available to the court; and (6) whether the child's conduct was gang-related. Tenn. Code Ann. § 37-1-134(b).

In Strickland, reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. The likelihood of a different result must be substantial, and not just conceivable. Harrington, 562 U.S. at 111-112.

During the post-conviction evidentiary hearing, the Juvenile Court judge testified that he was not disposed one way or the other when the Petitioner chose to waive any further opposition

to transfer. (Doc. No. 33-3 at pg. 54.) That, coupled with the seriousness of the offense, that the offense was premeditated, that the Petitioner had already exhibited signs of aggressive behavior with other students, and that the medical experts seemed to agree that the Petitioner was not eligible for involuntary commitment to a mental health facility, (Doc. No. 41-10 at pg. 12), forecloses any finding that there was a substantial likelihood that the Petitioner would not have been transferred but for counsel's error.

Thus, in the absence of any showing of prejudice, the Petitioner has failed to establish his claim for the ineffective assistance of trial counsel. *See* Spytma v. Howes, 313 F.3d 363, 372 (6th Cir. 2002)(within the context of a fifteen year old juvenile facing a life sentence for second degree murder, "it is likely that the petitioner again would have been transferred to adult court given the nature of the crime, even if the court had obtained more information on juvenile facilities.")

## IV. CONCLUSION

The Petitioner's second and third claims have been waived by the Petitioner in his Response to the Respondent's Answer.

The state courts determined that the Petitioner's fully exhausted claim, i.e., the ineffective assistance of trial counsel (Claim Nos. 1a-b) lacked merit. The record supports this finding. The Petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to his exhausted claim are either contrary to or an unreasonable application of federal law. Accordingly, this claim has no merit.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE